UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Franklin Webb, Sr., | ) | C/A: 4:12-2769-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION FOR |
| Jeniffer Floydd; | ) | PARTIAL SUMMARY DISMISSAL |
| Karen Parrett; | ) | |
| Mrs. Shavist, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a pretrial detainee currently housed at the Florence County Detention Center ("FCDC"). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the Complaint should be summarily dismissed as to Defendants Floydd and Parrett. In a separately docketed order, the undersigned has authorized service against the remaining Defendant, Shavist.[1]

---

[1] The undersigned notes it is a close question regarding whether Plaintiff has pleaded sufficient facts to pursue his claim against Defendant Shavist, an employee of the South Carolina Department of Social Services ("DSS"). *See* S.C. Code Ann. § 63-7-400 (providing qualified immunity to DSS workers when acting within the scope of their official duties); *Vosburg v. Dep't of Soc. Servs.*, 884 F.2d 133, 135-36 (4th Cir. 1989) (finding DSS workers entitled to *absolute* immunity filing a removal petition and acting in a prosecutorial, as opposed to an investigative or "policing" manner); *Booker v. Sullivan*, 8:11-1131-HMH-JDA, 2011 WL 3704199 (D.S.C. Aug. 23, 2011) (citing *Vosburg* and finding DSS worker entitled to absolute immunity for actions taken in removing children and testifying in court). As explained in *Vosburg* and *Booker*, DSS workers are absolutely immune from suit regarding their activities in filing petitions to remove children from their parents' home and from testifying in legal proceedings; however, their immunity from "nonprosecutorial" activities, such as investigating a claim, is qualified. *See* 884 F.2d at 138. On the slim factual allegations before the court at this juncture, the court is unable to determine definitively what role Defendant Shavist played in removing Plaintiff's children from the home. Accordingly, the undersigned cannot determine whether Defendant Shavist is entitled to immunity at this time.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case, or an individual claim, upon a finding that it "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the claim(s) "lacks an arguable basis either in law or in fact." *See Denton*, 504 U.S. at 31. Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal

court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. 662 (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at 677-78; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[2] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Additionally, the reviewing court

---

[2] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure 12(b)(6), this court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, as *Iqbal* discusses the general pleading standards of Rule 8 of the Federal Rules of Civil Procedure , which apply in all civil actions. *Iqbal*, 556 U.S. at 677-80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Federal Rule of Civil Procedure 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail [ure] to state a claim upon which relief may be granted,' the complete

need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## Background

According to the Complaint, Plaintiff has been charged "with having sexual intercourse with a miner [sic]."[3] ECF No. 1 at 3. Defendant Floydd, the detective investigating the charge, initiated Plaintiff's arrest. In addition, Plaintiff indicates his arrest "tore his family apart and D.S.S. took my two kids from me saying I'm not a fit father." *Id.* He claims he "los[t] [his] house [] everything only because detective Jennifer Floydd and D.S.S. lady Mrs. [Defendant] Shavis continued to pursue this charge without any evidence [,] just hearsay." *Id.* Additionally, Plaintiff contends that his lawyer, Defendant Parrett, is doing nothing to help him and denied him the opportunity to have a preliminary hearing. *Id.* at 4. Plaintiff complains of slander and being falsely accused. He asks that this Court issue a declaratory judgment that Defendants have violated his United States Constitutional and federal rights; issue an injunction ordering Defendants to stop violating his rights; and grant him monetary damages against each Defendant.

## Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

---

phrase has a well-established legal meaning.").

[3] A search of the online booking records of FCDC reveals that Plaintiff is incarcerated pending resolution of charges of grand larceny and criminal sexual conduct with a minor, second degree. *See* http://florenceco.org/online-services/bookings/ (last visited Oct. 22, 2012).

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

To the extent that Plaintiff charges the investigating detective, Defendant Floydd, with false arrest, 42 U.S.C. § 1983 does not permit a public official to be "charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)); *see also Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (citations omitted) (holding, "[A] false arrest claim must fail where it is made pursuant to a facially valid warrant."). Plaintiff references "warrants," and indicates that Defendant Floydd "press[ed] charges," ECF No. 1 at 4-5, which indicates that Plaintiff's arrest was pursuant to one or more warrants. Consequently, Plaintiff has failed to state a cognizable claim against Defendant Floydd.

Plaintiff also fails to state a claim against Defendant Floydd as to his slander claim because an alleged act of defamation of character[4] or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn.3-4 (1976). Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

---

[4] Slander usually refers to acts of defamation that are made "by oral expressions or transitory gestures," while libel refers to acts of defamation that are expressed "by print, writing, pictures, or signs." *Black's Law Dictionary* 824, 1244 (5th ed. 1979).

Plaintiff further complains about his representation by Defendant Parrett. However, an attorney, whether retained, court-appointed or a public defender, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *see also Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009) (noting that "assigned counsel generally are not state actors for purposes of a speedy-trial claim," as they act on behalf of the criminal defendant, not the State). As the complained-of behavior does not fall within the definition of "state action," Plaintiff states no viable § 1983 claim against Defendant Parrett.

Plaintiff states that he has been imprisoned since April 2011. To the extent he alleges a "speedy trial" violation, his sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or § 2241, which can be sought only after he has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). To the extent that Plaintiff is seeking release from incarceration, as well as dismissal of the criminal charges pending against him, these requests also must be presented in a petition for a writ of habeas corpus, after state court remedies have been exhausted. *See Heck v. Humphrey*, 512 U.S. 477, 498 (1994) (holding that release from prison is not a remedy available under 42 U.S.C. § 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (ruling that habeas corpus is the exclusive federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Similarly, dismissal of state criminal charges is not an available remedy in this case. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 153-54 (4th Cir. 2003) (discussing *Younger*). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989), the court ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52. Plaintiff's claim for violation of his constitutional rights can be pursued in his state criminal case. Also, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal court from enjoining state court proceedings and applies to prohibit the requested action of ordering dismissal of the state criminal charges against Plaintiff. None of the delineated exceptions in the Anti-Injunction Act are present in this case. *See id.*[5]

The Complaint also seeks monetary damages for constitutional violations related to Plaintiff's state criminal proceedings. To the extent that Plaintiff claims he is being held pursuant to the wrongful institution of legal process, he is attempting to recover for "malicious prosecution." *See Wallace v. Kato*, 549 U.S. 384, 390 (2007). But to state a § 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, the seizure must be "pursuant to legal process that was not supported by probable cause" *and* "that [the] criminal proceedings [have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d at 183-84. The Complaint does not

---

[5] "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

allege that Plaintiff's criminal proceeding has terminated in his favor, so he has failed to support a malicious prosecution claim, and he is barred from recovery therefor.

Recommendation

It is recommended that the Complaint be dismissed as to Defendants Floydd and Parrett without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

November 1, 2012　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).