IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin Webb Sr., ) | C/A No. 4:12-2769-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Jennifer Floydd, Karen Parrett, and Mrs. Shavist, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion For a Change of Venue and Motion For Appointment of Counsel, filed on November 6, 2012. ECF No. 27. Plaintiff is a pre-trial inmate proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Plaintiff requests a change of venue arguing that there is a "conflict of interest" in his case and he feels that he "won't get a fair trial in this county." ECF No. 27. The Civil Rights Act does not contain a special venue provision, thus, the general venue provisions of 28 U.S.C. § 1391(b) apply. Title 28 U.S.C. § 1391(b) states:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As Plaintiff notes in his Complaint, this court is the correct venue for this case under 28 U.S.C. § 1391(b) because "it is where the events giving rise to this claim occurred." ECF No. 1 at 1. Plaintiff's motion provides no factual allegations for the alleged conflict of interest and his broad assertion that he feels he will not get a fair trial in this county is meritless. Therefore, Plaintiff's request for change of venue is denied.

Plaintiff also requests that he be appointed a federal lawyer "because [he] is not getting properly represented [and] need a lawyer regarding [his] lawsuit on the three defendants." ECF No. 27. There is no right to appointed counsel in § 1983 cases. Cf. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed the pleadings filed by Plaintiff, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenan*t, 739 F.2d at 160. Further Plaintiff's participation in this case has been adequate and Plaintiff has shown that he is able to represent his interests in the lawsuit. *Id.* Accordingly, Plaintiff's request for appointment of counsel is denied.

IT IS SO ORDERED.

January 8, 2013 Kaymani D. West
Florence, South Carolina United States Magistrate Judge