IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Franklin Webb, Sr., | ) | Civil Action No.: 4:12-cv-02769-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mrs. Shavist, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Franklin Webb, Sr., a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. The above-captioned Defendant filed a motion for summary judgment. Plaintiff, however, failed to respond to the motion. In an order, the Magistrate Judge directed Plaintiff "to advise the court whether he wishes to continue with this case" and advised Plaintiff "that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute." June 24, 2013 Order 2, ECF No. 56. Plaintiff failed to comply. The matter is now before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge recommends that the Court dismiss Plaintiff's action with prejudice for failure to prosecute.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that this action be **DISMISSED** with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 8, 2013